# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ORANGEBURG DIVISION

| | |
|---|---|
| Jeanette Vera Moxley, | ) |
| Plaintiff, | ) C.A. No.: 5:16-cv-491-PMD-KDW |
| v. | ) **ORDER** |
| Nancy A. Berryhill, Acting Commissioner of Social Security, | ) |
| Defendant. | ) |

This matter is before the Court on United States Magistrate Judge Kaymani D. West's Report and Recommendation ("R & R") (ECF No. 21). In her R & R, the Magistrate Judge recommends that the Court affirm the Commissioner of Social Security's decision denying Jeanette Vera Moxley's claim for disability benefits and supplemental income. Moxley objects to the R & R. (ECF No. 22.) For the following reasons, the Court sustains one of Moxley's objections. Consequently, the Court adopts parts of the R & R, while respectfully rejecting another part of it, and remands this case to the Commission.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The R & R has no presumptive weight, and the responsibility for making a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court must conduct a de novo review of any portion of the R & R to which a timely, specific objection is made, and the Court may accept, reject, or modify the Magistrate Judge's findings and recommendations in whole or in part. *Id.* Additionally, the Court may receive more evidence or recommit the matter to the Magistrate Judge with instructions. *Id.* A party's failure to object is taken as the party's

agreement with the Magistrate Judge's conclusions. *See Thomas v. Arn*, 474 U.S. 140 (1985). Absent a timely, specific objection—or as to those portions of the R & R to which no specific objection is made—this Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

## DISCUSSION

The analysis in a Social Security disability case consists of five steps: (1) whether the claimant is working; (2) whether the claimant has a severe impairment; (3) whether that impairment meets or equals a listed impairment; (4) whether such impairment prevents claimant from performing past relevant work; and (5) whether the impairment prevents the claimant from performing specific jobs that exist in significant numbers in the national economy. *See* 20 C.F.R. § 404.1520, § 416.920.

In this case, at step two, the ALJ considered whether Moxley has any severe mental impairments. To make that determination, he had to use "a complex and highly individualized process" that required him to "consider multiple issues and all relevant evidence to obtain a longitudinal picture" of Moxley's "overall degree of functional limitation." 20 C.F.R. §§ 404.1520a(c)(1); 416.920a(c)(1). After going through that process, the ALJ determined that Moxley has "a possible cognitive impairment manifested by slowness and confusion" but that it does "not cause more than minimal limitation in [Moxley's] ability to perform basic mental work activities and is therefore nonsevere." (R., ECF No. 15, at 12.) In making that determination, the ALJ noted that although Moxley suffered a head injury in 1984, she had since worked as a prison guard, and the ALJ had "no evidence of subsequent mental health care or of any event

resulting in cognitive decline." (*Id.* at 12–13.)  After some further analysis, the ALJ ruled against Moxley.

Moxley asked the Commission's Appeals Council to review the ALJ's decision. In that appeal, she submitted a new piece of evidence that had not been presented to the ALJ. It was an evaluative report from Dr. Randolph Waid, a neuropsychologist who had treated Moxley for her 1984 brain injury but had also treated her in 2009 and 2010 for other mental-health problems. In his report, Dr. Waid recounted his prior treatments of Moxley and explained in detail Moxley's performance on a battery of evaluations he performed on her in 2014. He also stated that he was very familiar with Moxley and that her cognitive functioning had deteriorated in recent years.

The Appeals Council made the report part of the record and took it into consideration. However, it found the report did not warrant changing the ALJ's decision. The Council therefore declined to review the ALJ's decision.

One of Moxley's contentions in this action is that her case should be remanded for the ALJ to reassess the evidence in light of Dr. Waid's report. The Magistrate Judge disagreed, stating "the Appeals Council's decision not to consider Dr. Waid's evaluation and opinions was correct."[1] (R & R, ECF No. 21, at 22.) In support of that conclusion, the Magistrate Judge wrote that Dr. Waid's opinions do not differ significantly from other medical notes and evaluations that were presented to the ALJ and that his report "does not contradict the ALJ's finding relative to his credibility determination that [Moxley] did not show a longitudinal history of mental-health treatment before she filed this claim." (*Id.* at 22.)

---

1. That statement is incorrect. The Appeals Council wrote in its decision that it *did* consider Dr. Waid's report, and, in the Council's opinion, the report did not undermine the ALJ's decision.

3

Moxley objects to the Magistrate Judge's conclusion that remand is not required. The Court agrees with Moxley's position.[2] By emphasizing the absence of evidence regarding Moxley's medical care after her 1984 head injury or evidence of a later event causing a further cognitive decline, the ALJ indicated that the absence of such evidence played a role in his decision. Dr. Waid's report could fill both of those gaps. Dr. Waid treated and examined Moxley at several points over a span of thirty years. His report covers that entire span, and it also suggests that a 2011 spinal surgery may have caused further cognitive impairment. *Cf. Meyer v. Astrue*, 662 F.3d 700, 707 (4th Cir. 2011) (finding remand warranted where ALJ's decision appeared to turn on lack of treating physician's report in record, and claimant later provided treating physician's report to Appeals Council).

Given that physicians' opinions typically receive the greatest weight,[3] this Court's review is frustrated by the fact that no one within the Commission has made any findings about Dr. Waid's report and its consistency with other evidence in the record. *See Meyer*, 662 F.3d at 707 (remanding because no fact finder had assessed treating physician's later-submitted report or tried to reconcile it with other evidence); *cf. id.* at 706 (stating remand would be "particularly helpful when the new evidence constitutes the only record evidence as to the opinion of the treating physician"). Under these circumstances, which closely resemble those of *Meyer*, the Court cannot determine whether substantial evidence supports the ALJ's decision. As in *Meyer*, remand to the ALJ is necessary.

The Acting Commissioner seeks to avoid that result by making a policy argument: this Court should not remand based on Dr. Waid's report because doing so allows Social Security

---

2. The Court flatly rejects, however, Moxley's wholly unfounded—and wholly unnecessary—accusation that the Magistrate Judge assessed the materiality of Dr. Waid's report without actually reading it.

3. The Acting Commissioner argues Dr. Waid's report is not entitled to the weight assigned to treating physicians' opinions because Dr. Waid only evaluated, rather than treated, her after her May 2011 disability onset date. The Court disagrees; the Fourth Circuit in *Meyer* rejected just such an argument. *See* 662 F.3d at 705 n.1.

4

claimants to "undermine ALJ decisions by providing post-hoc reports to the Appeals Council, thereby "undermin[ing] the administrative hearing process and open[ing] the floodgates through reports and assessments that could readily have been obtained and presented in the first instance to ALJs. (Comm'r's Br., ECF No. 17, at 19.) Her complaint is misplaced: it is the Commission's own regulations, not the federal court system, that allow claimants to submit new evidence after the ALJ rules. *See* 20 C.F.R. §§ 404.968, 404.970(b). Those regulations substantially restrict what claimants can submit at that point. *See* 20 C.F.R. § 404.970(a)-(b). If the Acting Commissioner finds her own agency's regulations too porous, her remedy is to amend them.

The Court's conclusion about the need for remand is dispositive. Consequently, the Court declines to address Moxley's remaining objections, which relate to the analysis on pages 10–19 of the R & R. However, there being no objection to portion of the R & R preceding that analysis, the Court sees no clear error in that portion and adopts it.

## CONCLUSION

For the foregoing reasons, it is **ORDERED** that Moxley's objections are **SUSTAINED IN PART** and, consequently, the R & R is respectfully **ADOPTED IN PART** and **REJECTED IN PART**. It is further **ORDERED** that this matter is **REMANDED** to the ALJ pursuant to sentence four of 42 U.S.C. § 405(g).

**AND IT IS SO ORDERED.**

_____
PATRICK MICHAEL DUFFY
United States District Judge

**August 1, 2017**
**Charleston, South Carolina**

5